## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL HARPER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 08-182-GPM** |
| | ) | |
| **CITY OF MURPHYSBORO, ILLINOIS;** | ) | |
| **JACKSON COUNTY, ILLINOIS; JEFFREY** | ) | |
| **BOCK; MICHAEL WEPSIEC; CURTIS** | ) | |
| **EHLERS; THOMAS ZLOTNICKI;** | ) | |
| **MICHAEL LOCKE; and UNKNOWN** | ) | |
| **MURPHYSBORO POLICE OFFICERS,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

The Court, on its own motion, has reviewed the complaint in the present case to determine whether it has subject matter jurisdiction. Under Federal Rule of Civil Procedure 12(h)(3), this Court is obligated to review its own jurisdiction *sua sponte*. *See Hammes v. AAMCO Transmissions, Inc.*, 33 F.3d 774, 778 (7th Cir. 1994) ("the court has an independent duty to satisfy itself that it has subject-matter jurisdiction"); *see also Ricketts v. Midwest Nat'l Bank*, 874 F.2d 1177, 1181 (7th Cir. 1989). In light of Seventh Circuit Court of Appeals opinions, *see, e.g., Smith v. American Gen'l Life and Accident Ins. Co.*, 337 F.3d 888 (7th Cir. 2003); *Tylka v. Gerber Prods. Co.*, 211 F.3d 445 (7th Cir. 2000); *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072 (7th Cir. 1992) (per curiam), this Court has undertaken a more rigorous initial review of complaints to ensure that jurisdiction has been properly pleaded.

Plaintiff brings this action under federal and state law claiming that he was wrongly charged and convicted of first degree murder. Plaintiff alleges that jurisdiction is proper under 28 U.S.C. §§ 1331 and 1332. However, Plaintiff's allegations are insufficient to establish diversity of citizenship jurisdiction. Specifically, his allegations that he "resides" in Indiana and that all of most of the Defendants "reside" in Illinois is insufficient to establish citizenship. *America's Best Inns*, 980 F.2d at 1074 ("[i]n federal law citizenship means domicile, not residence"). Moreover, his allegations regarding Defendants' citizenship require more specificity. Not only does he fail to allege the citizenship of *each* Defendant, but his allegations are based upon "information and belief" (*see* Doc. 2 at ¶ 6). Allegations based upon information and belief are insufficient to establish subject matter jurisdiction. *America's Best Inns*, 980 F.2d at 1074.

It is possible that Plaintiff can establish diversity of citizenship jurisdiction by more appropriate allegations. Accordingly, pursuant to 28 U.S.C. § 1653, Plaintiff is **GRANTED leave** to file an <u>Amendment to the Complaint</u> **on or before March 28, 2008**, to cure the deficiencies set forth above. Plaintiff shall file an Amendment to the Complaint only and not an amended complaint. If Plaintiff fails to do so in the time and manner prescribed, this Court will consider the basis of its subject matter jurisdiction as 28 U.S.C. § 1331 and will consider the attendant state law claims as supplemental under § 1367.

**IT IS SO ORDERED.**

DATED: 03/14/08

s/ G. Patrick Murphy
G. Patrick Murphy
United States District Judge