IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE HARPER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 08-182-GPM |
| | ) |
| CITY OF MURPHYSBORO, ILLINOIS; | ) |
| JACKSON COUNTY, ILLINOIS; JEFFREY | ) |
| BOCK; MICHAEL WEPSIEC; CURTIS | ) |
| EHLERS; THOMAS ZLOTNICKI; | ) |
| MICHAEL LOCKE; and UNKNOWN | ) |
| MURPHYSBORO POLICE OFFICERS, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter is before the Court on the motion of Defendants Jackson County and Michael Wepsiec pursuant to Federal Rule of Civil Procedure 12(e) for a more definite statement (Doc. 22). For the reasons set forth below, the motion is **DENIED**.

### FACTUAL BACKGROUND

Plaintiff filed his complaint on March 11, 2008 (Doc. 2). It contains 47 paragraphs alleging, *inter alia,* that Defendants violated Plaintiff's Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights and wrongfully charged and prosecuted him for the May 31, 2002, murder of Kenji Tipton by fabricating evidence, coercing witnesses, and withholding exonerating information from him. He claims that: he was convicted of first degree murder and sentenced to 25 years in prison on the basis of Defendants' misconduct; he spent over four years injustly imprisoned; and was

damaged by Defendants' actions. This Court ordered Plaintiff to cure deficiencies in his complaint to sufficiently allege jurisdiction (Doc. 4); he did so on April 8, 2008 (Doc. 20).

Defendants City of Murphysboro, Bock, Ehlers, Zlotnicki, and Locke filed their answer with affirmative defenses on May 15, 2008, responding to all 47 paragraphs in Plaintiff's complaint by either admitting, denying, or asserting lack of information sufficient to form a belief as to the truth of the allegations as authorized by Rule 8(b).

In their motion for more definite statement, Defendants Jackson County and Wepsiec argue that Plaintiff's complaint, as amended, violates the Federal Rules of Civil Procedure – specifically Rules 8(a)(2) and 10(b). They also remonstrate that the complaint generally fails to comply with the Rules because it does not delineate which claims and damages are being asserted against which defendant, and it alleges multiple legal claims within single counts. And, they claim that the complaint is so vague and ambiguous as to the conduct of each defendant that they cannot reasonably be required to frame a responsive pleading.

## ANALYSIS

### A. Legal Standard

Rule 12(e) allows a motion for a more definite statement when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). The moving party must "point out the defects complained of and the details desired." *Id*. Granting a more definite statement is at the discretion of the trial court. *See* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 1378 (3$^d$ ed. 1997 & Supp. 2008), *citing Hummel v. Wells Petroleum Co.*, 111 F.2d 883, 886 (7th Cir. 1940). A complaint may be dismissed because it is confusing, though the court would rarely be justified in dismissing it on this ground with prejudice. *Fidelity Nat'l Title Ins. Co. of New York v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 749

(7th Cir. 2005). "[A] confusing pleading is not ordinarily a fatal defect." *Id*.

Rule 12(e) must be construed in light of federal rules related to liberal pleading. *See* 5C Wright & Miller at § 1378. A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The complainant must "provide enough detail to give fair notice of what his claim is and the grounds upon which it rests." *Moore v. FBI*, No. 07-1294, 2008 WL 2521089, at *1 (7th Cir. June 25, 2008); *see also Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). "Only claims (which is to say, grievances) need be pleaded." *Tompkins v. Women's Community, Inc.*, 203 Fed. Appx. 743, 744 (7th Cir. 2006). The complaint must show that the plaintiff's allegations are plausible, not merely conceivable, *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007), and must "contain something more than a general recitation of the elements of the claim," *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). It must provide allegations that actually suggest that the plaintiff has a right to relief. *EEOC v. Concentra*, 496 F.3d 773, 776 (7th Cir. 2007), *citing Bell Atlantic*, 127 S. Ct. at 1968-69.

*Bell Atlantic* "must not be overread," however; the Court itself denied that it was requiring "heightened fact pleading" or "detailed factual allegations." *Limestone Development Corp. v. Village of Lemont, Ill.*, 520 F.3d 797, 803 (2008), *quoting Bell Atlantic,* 127 S. Ct. at 1964, 1974. *Bell Atlantic* did not alter the fact that "complaints in federal courts need only satisfy a notice pleading standard." *Lang v. TCF Nat'l Bank*, 249 Fed. Appx. 464, 466 (7th Cir. 2007), *citing Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 449 F.3d 663, 667-68 (7th Cir. 2007). That a plaintiff ultimately needs to introduce facts to substantiate his claim does not imply that the plaintiff must allege those facts at the outset – that is "the difference between fact pleading (which the courts of Illinois use) and claim pleading under Rule 8." *Vincent v. City Colleges of Chicago,* 485 F.3d 919, 923-24 (7th Cir. 2007).

**B.     Defendants' Motion for a More Definite Statement**

To sustain their motion, Defendants must identify defects in Plaintiff's complaint as well as the missing details needed to reasonably prepare a response. FED. R. CIV. P. 12(e).  The motion first alleges that the complaint violates Rule 8(a)(2) by not providing a short, plain statement of the claim.  A complaint satisfies Rule 8(a)(2) when it provides enough detail to give notice of what the claim is and the grounds on which it rests. *Erickson,* 127 S. Ct. at 2200. The notice and grounds of Plaintiff's claim are not difficult to parse from the complaint.  In paragraph one of his complaint, Plaintiff outlines his claim that he was "wrongfully charged, convicted and imprisoned for a murder that he did not commit."  The allegations in paragraphs two through 29 provide detail to ground Plaintiff's claim and support its plausibility, as required by *Bell Atlantic*.  127 S. Ct at 1974. Paragraphs 30 through 34 allege damages suffered by Plaintiff as a result of Defendants' alleged acts.  In the remaining paragraphs, under the heading "Legal Claims," the complaint provides legal grounds for the claim.  His complaint is sufficient for the movants to discern his claim, and the grounds for it, within the limits of Rule 8(a)(2).

Defendants further argue that Rule 10(b) requires the pleader to state his claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  "If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense." FED. R. CIV. P. 10(b).  However, "[a]lthough it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure *requires* this." *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir. 1992) (emphasis added).  That is, the Rules do not forbid the plaintiff to include multiple legal claims in a single count. Indeed, per Rule 8(d), parties may state alternate or inconsistent claims in a single count.  As Plaintiff's claim against Defendants – of wrongful charge, conviction, and

imprisonment – and the attendant grounds for his claim are relatively clear, it is not significant that a single count might contain multiple claims.

Defendants request that each cause of action be pleaded separately against each defendant because it "is difficult to determine what claims are being asserted against which defendant" (Doc. 22). They argue that because the complaint requires each Defendant to "parse out and assume" which allegations are pleaded against him, the complaint is so vague and ambiguous as to warrant a more definite statement (*Id.*). Rule 8(b) allows Defendants to answer claims by either admitting, denying, or asserting that they lack knowledge or information sufficient to form a belief about the truth of the allegations, so these defendants are not disadvantaged by the composition of the complaint nor will they be strained to prepare a responsive pleading.

Plaintiff's complaint is at least comprehensible and is not so vague or ambiguous as to preclude a reasonable response. Simply stated, he claims that these defendants framed him and sent him to prison, and he wants paid for his misery. The complaint does not violate the Federal Rules of Civil Procedure.

## CONCLUSION

For these reasons, the motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) (Doc. 22) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 07/15/08

*s/ G. Patrick Murphy*
G. Patrick Murphy
United States District Judge