# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MAURICE HARPER, | ) |
|       Plaintiff, | ) |
| vs. | ) CIVIL NO. 08-182-GPM |
| CITY OF MURPHYSBORO, JEFFREY BOCK, and CURTIS EHLERS, | ) |
|       Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on February 9, 2009, for a hearing on Defendants' motion for summary judgment. For the following reasons and for those set forth on the record during the hearing, the motion is denied.

Plaintiff Maurice Harper filed this action under 42 U.S.C. § 1983 and Illinois state law. It is clear under Seventh Circuit precedent, *see, e.g., Newsome v. McCabe*, 319 F.3d 301 (7th Cir. 2003), that Plaintiff's federal claim falls under the due process clause of the Fourteenth Amendment. Specifically, he alleges that City of Murphysboro police officers Jeffrey Bock and Curtis Ehlers violated his constitutional rights by concealing exculpatory evidence. He also alleges the following state law claims against City of Murphysboro, Bock, and Ehlers: malicious prosecution, intentional infliction of emotional distress, and civil conspiracy. Plaintiff's claims arise out of his state law conviction for first-degree murder for a shooting that happened in 2002. After spending more than four years in prison, Plaintiff's conviction and sentence were reversed because he received

ineffective assistance of trial counsel. The Illinois Appellate Court remanded the case for a new trial. In March 2007, the Illinois trial court granted the prosecution's motion for *nolle prosequi*.

The standard applied to summary judgment motions filed under Federal Rule of Civil Procedure 56 is well-settled and has been succinctly stated as follows.

> Summary judgment is proper when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In determining whether a genuine issue of material fact exists, [the court] must view the record in a light most favorable to the nonmoving party. Because the primary purpose of summary judgment is to isolate and dispose of factually unsupported claims, the nonmovant may not rest on the pleadings but must respond, with affidavits or otherwise, setting forth specific facts showing that there is a genuine issue for trial. The evidence must create more than some metaphysical doubt as to the material facts. A mere scintilla of evidence in support of the nonmovant's position is insufficient; a party will be successful in opposing summary judgment only when it presents definite, competent evidence to rebut the motion.

*Albiero v. City of Kankakee*, 246 F.3d 927, 931-32 (7th Cir. 2001) (internal citations and quotations omitted). Defendants seek to strike much of the evidence submitted by Plaintiff in opposing summary judgment, the most important of which is the "affidavit" of Tyrone Webb, who has recanted his trial testimony that Plaintiff supplied the shooter with a gun and now claims he was coerced by Bock and Ehlers to so testify. Defendants challenge the document because it is not "made on personal knowledge" as required under Rule 56(e)(1); it does not comply with the requirements of 28 U.S.C. § 1746 for unsworn declarations; and it contradicts Webb's sworn trial testimony. Webb's statement, which is not sworn, contains the following language: "I, Tyrone Webb, state under oath and under penalty of perjury as follows." It concludes: "This affidavit is true and accurate to the best of my knowledge and recollection. … If called upon to testify, I could do so competently." Rule 56(e)(1) requires personal knowledge. It is clear from the contents of the

statement that Webb's basis, which he states is his "knowledge and recollection" is the fact that he witnessed the events. He says so throughout. Under § 1746, unsworn statements are given like force and effect of sworn statements, so long as they are in writing and subscribed as true under penalty of perjury in *substantially* the following form: "I state under penalty of perjury that the foregoing is true and correct." 28 U.S.C. § 1746(2). Webb's statement is substantially similar to this form language. Finally, the point of Plaintiff's case is that Webb was coerced by the police to perjure himself at Plaintiff's criminal trial. Therefore, the Court will not strike the statement because it is inconsistent with Webb's previous testimony. Webb has been listed as a witness in this case throughout discovery, and the submission of his unsworn statement under penalty of perjury in response to summary judgment is proper. Webb's credibility will be a question for the jury. The motion to strike Webb's statement (Doc. 90) is **denied**.

Defendants seek to strike many other documents that were submitted by Plaintiff for various reasons. The motion (Doc. 91) is **denied**. In any event, these documents are not particularly relevant to the Court's ruling on summary judgment, although the information involving Passmore and Jackson could be considered in determining whether a fact question exists on Plaintiff's malicious prosecution claim. Because that information involves events occurring after Plaintiff's criminal trial, it is not relevant to the due process claim.

There is exculpatory evidence regarding the involvement of Ryan Gibbs, a second shooter, that was not known by the prosecuting attorney at the time of Plaintiff's trial. Webb now says that he never told Bock and Ehlers that Plaintiff handed the "first shooter," Daron Woods, a gun. Webb states that between the shooting and trial, he "told the police many times that Ryan Gibbs was the one that did the shooting, but they said that they wanted Maurice. Bock and Ehlers threatened me."

Plaintiff argues that this is a prototypical *Newsome* case involving the concealment and manipulation of evidence. *See Newsome v. McCabe*, 319 F.3d 301 (7th Cir. 2003); *Newsome v. McCabe*, 256 F.3d 747 (7th Cir. 2001). Defendants contend that later cases undermine the holding of *Newsome* and, consequently, Plaintiff's theory. In *Harris v. Kuba*, 486 F.3d 1010 (7th Cir. 2007), the Court held that the plaintiff's *Brady* claim failed because the evidence was not suppressed or favorable. Specifically, the evidence was too attenuated to advance defendant's theory of his defense. He wanted to put on evidence that he had been implicated in another shooting in which the bullets matched the crime with which he was charged, but for which he had an alibi. This, coupled with evidence that another person had confessed to that crime, meant the other person must have committed this crime. The Court considered the evidence supporting this cockamamie theory as *unfavorable*, and concluded that it is not the police officers' job to construct a defense. *Harris* is easily distinguishable from this case.

Plaintiff does not contest the holdings of cases dealing with false or coerced confessions; they simply do not apply to the circumstances presented here. *Cf., e.g., Sornberger v. City of Knoxville*, 434 F.3d 1006 (7th Cir. 2006); *Gauger v. Hendle*, 349 F.3d 354 (7th Cir. 2003), *overruled in part on other grounds by Wallace v. City of Chicago*, 440 F.3d 421 (7th Cir. 2006). Plaintiff is not trying to extend *Brady* to a situation where police officers made false statements to the prosecutor; the law is clear that *Brady* does not extend to those situations. *See, e.g., Carvajal v. Dominguez*, 542 F.3d 561 (7th Cir. 2008); *Harris*, 486 F.3d at 1017. There is evidence in the record to support Plaintiff's claim that he was, basically, framed by Bock and Ehlers. Reading the record in the light most favorable to Plaintiff, as the Court must at this juncture, Plaintiff's claim mirrors *Newsome* and survives summary judgment.

The state law claims also survive summary judgment. With respect to the malicious prosecution claim, the Court agrees with Plaintiff that there is a genuine issue of material fact as to whether the criminal proceedings were terminated in Plaintiff's favor. Plaintiff has the burden to prove that the *nolle prosequi* was entered for reasons consistent with his innocence. *Swick v. Liautaud*, 662 N.E.2d 1238 (Ill. 1996). Of course, Defendants will be able to present evidence consistent with their theory that Plaintiff remains a suspect and may be retried in the future.

To conclude, Defendants' motions to strike (Docs. 90, 91) and for summary judgment (Doc. 74) are **DENIED**. Plaintiff has not identified "Unknown Murphysboro Police Officers," as they are named in the complaint; consequently, these unknown defendants are **dismissed**.

**IT IS SO ORDERED.**

DATED: 02/11/2009

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge